IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **XUEBO CUI**, | Case No. 3:22-cv-01149-IM |
| Plaintiff, | **ORDER** |
| v. | |
| **BELKORP HOLDINGS, INC.**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Plaintiff Xuebo Cui ("Plaintiff"), a pro se litigant, has filed a Complaint against

Defendant Belkorp Holdings, Inc. ("Defendant"), ECF 1, as well as an Application to Proceed *in*

*Forma Pauperis* ("IFP"), ECF 2. This Court GRANTS Plaintiff's application to proceed IFP.

However, for the reasons set forth below, this Court also determines that it lacks subject matter

jurisdiction over this action. Accordingly, this action is DISMISSED with prejudice.

## BACKGROUND

In the Complaint, Plaintiff indicates that he resides at the Landmark at Tanasbourne apartments in Hillsboro, Oregon of which Defendant is the landlord. ECF 1 at 6. Plaintiff alleges that "dangerous electromagnetic radiation" was found in his apartment unit and that he notified Defendant of this issue. *Id.* He alleges that the radiation caused him to suffer a "heart rhythm change," *id.* at 5,6, and that this "violates [his] civil rights," *id.* at 6. He further alleges that the wiring of the electrical outlets is "not in compliance with **National Electrical Code**, *Article 210*, item 210.8," that many other appliances were "not in proper working condition" when he moved into the apartment unit which violated the rental agreement, and that the apartment building has "poor insect treatment" which he also reported to Defendant. *Id.* at 7 (emphasis in original). Plaintiff requests that Defendant "diagnose and repair" these issues, reimburse Plaintiff for "medical expenses resulted from the electromagnetic wave injury," and reimburse Plaintiff for his "living expenses…during the treatment of his injury." *Id.* He also requests a "change [of] apartment unit." *Id.* at 5.

## STANDARDS

This Court only has subject-matter jurisdiction over two types of cases: cases involving a federal question and cases involving diversity of citizenship of the parties. A case arising under the United States Constitution, federal laws, or treaties is a federal question case. 28 U.S.C. § 1331. A case in which a citizen of one state sues a citizen of another state or nation and the amount in controversy is more than $75,000 is a diversity of citizenship case. 28 U.S.C. § 1332. This Court must always determine whether it has subject-matter jurisdiction over a case. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3);

*see also Valdez*, 372 F.3d at 1116 ("We are obligated to consider sua sponte whether we have subject matter jurisdiction.").

In addition to its obligation to determine whether it has subject-matter jurisdiction over a case, the IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Federal courts hold a *pro se* litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal quotation marks and citation omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (internal quotation marks and citation omitted).

## DISCUSSION

In the Complaint, Plaintiff checks the box indicating that there is diversity jurisdiction over his claims under 28 U.S.C. § 1332. ECF 1 at 3. Plaintiff alleges that he is a citizen of China and a resident of Oregon with a pending asylum application, *id.* at 3, 6, and that Defendant is incorporated under the laws of British Columbia, Canada and has its principal place of business in Oregon, *id.* at 4. However, Plaintiff only alleges $12,000.000 in damages. *Id.* at 5, 9. Therefore, although there appears to be diversity of citizenship, Plaintiff has not met the $75,000

PAGE 3 – ORDER

Case 3:22-cv-01149-IM    Document 4    Filed 08/16/22    Page 4 of 4

amount-in-controversy threshold to bring this claim in federal court under 28 U.S.C. § 1332.

Thus, this Court does not have subject-matter jurisdiction over this action.

In the civil cover sheet, Plaintiff also checks the box indicating that the basis of

jurisdiction is diversity but nevertheless cites a federal law, 18 U.S.C. § 241, as the cause of

action. ECF 1-1 at 1. Although Plaintiff cites a federal statute in the civil cover sheet, the cover

sheet is an administrative document used by the Clerk of Court to collect information about the

case—it is filed alongside a complaint but it "neither replace[s] nor supplement[s]" a complaint.

*See id.* Even if this Court were to liberally construe Plaintiff's pro se Complaint and treat it as

pleading federal question jurisdiction based on the cover sheet, Plaintiff has not demonstrated

that he is entitled to relief. 18 U.S.C. § 241 is a criminal statute proscribing conspiracy against

the free exercise or enjoyment of the rights of citizens. Criminal statutes provide no basis for a

civil suit—"an individual may not bring criminal charges against another individual [or entity]

by filing a civil complaint in [federal court]." *Jacob v. Flagg*, No. 10-cv-02249, 2011 WL

115011, at *2 (S.D. Cal. Jan. 13, 2011) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

1980)). Because Plaintiff has failed to state a claim cognizable in federal court, this action is

DIMISSED with prejudice. Plaintiff may seek to file a civil action in state court.


**IT IS SO ORDERED.**

DATED this 16th day of August, 2022.


/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge


PAGE 4 – ORDER